UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES D. LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-CV-497 WL |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

James D. Lewis, a prisoner without a lawyer, filed a complaint suing 17 defendants. Lewis did not pay the filing fee, and he is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Lewis has at least five strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Lewis is attempting to sue the United States of America, Mike Pence (both as Vice President of the United States of America and former Governor of Indiana), State of Indiana, Indiana Attorney General, gun shops in the State of Indiana, State of Illinois, Bruce Rauner, Pat

---

[1] (1) *Lewis v. Dart*, No. 1:10-CV-4247 (N.D. Ill. July 22, 2010)(dismissing complaint for failure to state a claim); (2) *Lewis v. Alvarez*, No. 1:10-CV-4540 (N.D. Ill. July 29, 2010)(same); (3) *Lewis v. State of Illinois*, 1:12-CV-1023 (N.D. Ill. June 27, 2012)(same); (4) *Lewis v. Unknown Party*, No. 3:13-CV-1339 (S.D. Ill. Jan. 22, 2014)(same); and (5) *Lewis v. John and Jane Does*, No. 3:16-CV-50132 (N.D. Ill. June 2, 2016)(dismissing suit with prejudice both because it was frivolous and malicious and because he failed to inform the court he had three strikes).

Quinn, Lisa Madigan, the City of Chicago, City of Joliet, City of Peoria, City of East Louis, National Rifle Association, Smith and Wesson, and Remington. He alleges that the defendants have contributed to gun violence in poor communities and have aided and abetted the commission of genocide, war crimes, murders and other violent crimes. While he has characterized this situation as an emergency (ECF 1 at 9, 14), Lewis has not alleged that he or any other named individual is in imminent danger of serious physical injury.

Nonetheless, Lewis filed this complaint without pre-paying the filing fee even though he knows[2] he is prohibited from doing so unless he is in imminent danger of serious physical injury. He filed it in this court even though he is an inmate in an Illinois prison and many of the defendants are also in Illinois. Most of his dozens of previous cases have been filed in Illinois and this is not unlike several that he has filed there.[3] However, he could not file this one in the Northern District

---

[2]He has been told that he has acquired three strikes on at least 37 occasions. *See Lewis v. Illinois*, No. 1:12-CV-1023 (N.D. Ill. June 27, 2012)(notifying Lewis he had accumulated three strikes); *Lewis v. Pfister,* No. 1:12-CV-1455 (C.D. Ill. Apr. 16, 2013 and Sept.18, 2013); *Lewis v. Funk,* No. 3:13-CV-546 (S.D. Ill. July 1, 2013 and Aug. 26, 2013), *in forma pauperis denied on appeal*, No. 13-2923 (7th Cir. Nov. 27, 2013); *Lewis v. Godinez,* No. 1:13-CV-1439 (C.D. Ill. Oct. 21, 2013); *Lewis v. Unknown Party,* No. 3:13-CV-1339 (S.D. Ind. Jan. 22, 2014); *Lewis v. Pfister,* No. 1:15-CV-1364 (C.D. Ill. Aug. 31, 2015), *in forma pauperis denied on appeal*, No. 15-2907 (7th Cir. Sept. 2, 2015); *Lewis v. Committee on Banking, Housing, and Urbana Affairs,* No. 1:15-CV-1401 (C.D. Ill. Sept. 30, 2015), ), *in forma pauperis denied on appeal*, No. 15-3195 (7th Cir. Oct. 2, 2015); *Lewis v. Trump,* No. 1:15-CV-1519 (C.D. Ill. Jan. 7, 2016); *Lewis v. United States,* No. 3:16-CV-50085 (N.D. Ill. Apr. 29, 2016), *in forma pauperis denied on appeal*, No. 16-2124 (7th Cir. July 15, 2016); *Lewis v. Illinois,* No. 3:16-CV-50090 (N.D. Ill. Apr. 29, 2016); *Lewis v. Rauner,* No. 3:16-CV-50109 (N.D. Ill. May 9, 2016), *in forma pauperis denied on appeal*, No. 16-2214 (7th Cir. May 20, 2016); *Lewis v. Baldwin,* 3:16-CV-50108 (N.D. Ill. May 9, 2016), *in forma pauperis denied on appeal*, No. 16-2213 (7th Cir. May 20, 2016); *Lewis v. Warden of Dixon C.C.,* No. 3:16-CV-50125 (N.D. Ill. May 19, 2016); *In re: James D. Lewis*, No. 1:16-CV-5470 (N.D. Ill. May 24, 2016) (noting that Lewis owed $7,349.91 in filing fees and issuing a directive that the clerk return documents to Lewis unfiled); *Lewis v. Champion Barbell CEO*, No. 3:16-CV-1420 (N.D. Tex. May 31, 2016); *Lewis v. Illinois,* No. 3:16-CV-50126 (N.D. Ill. June 2, 2016); *Lewis v. Chairman of Wealth Healthcare Servs.,* No. 3:16-CV-50127 (N.D. Ill. June 2, 2016); *Lewis v. Reinhard,* 3:16-CV-50131 (N.D. Ill. June 2, 2016), *Lewis v. John and Jane Does*, No. 3:16-CV-50132 (N.D. Ill. June 2, 2016); *Lewis v. Illinois,* No. 3:16-CV-3198 (C.D. Ill. July 8, 2016 and Aug. 11, 2016); *Lewis v. United Nations General Assembly*, No. 3:16-CV-2309 (N.D. Tex. Aug. 11, 2016); *Lewis v. Larry,* No. 3:16-CV-3199 (C.D. Ill. July 8, 2016 and Aug. 12, 2016); *Lewis v. John and Jane Does*, No. 3:16-CV-3242 (C.D. Ill. Aug. 30, 2016); *Lewis v. Secret Service,* No. 3:16-CV-970 (S.D. Ill. Oct. 11, 2016); *Lewis v. Illinois*, No. 3:17-CV-3164 (C.D. Ill. July 31, 2017, Aug. 18, 2017, and Oct. 17, 2017).

[3] *See, e.g., Lewis v. Illinois*, No. 3:17-CV-3164 (C.D. Ill. July 31, 2017)(complaining of a vague conspiracy to violate human and civil rights related to the breach of security); *Lewis v. United States of America*, No. 3:16-CV-50132 (N.D. Ill. May 13, 2016)(suing 55 defendants for an alleged conspiracy against American citizens to commit murders, attempted murders, DUI's, and more with unlawful intoxicating liquors); *Lewis v. Trump*, No. 1:15-CV-

of Illinois because that court has restricted him from filing civil cases there. *In re: James D. Lewis*, No. 1:16-CV-5470 (N.D. Ill. May 24, 2016). So now he has decided to start filing cases here in the Northern District of Indiana. However, the Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed without prepaying the filing fee after they have been informed that they are barred from doing so. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Therefore, this case will be dismissed, the filing fee assessed, and Lewis restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **ORDERS** the plaintiff, **James D. Lewis, Illinois DOC #B-52327**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(3) **DIRECTS** the clerk of court to create a ledger for receipt of these funds;

(4) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of James D. Lewis (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) **DIRECTS** the clerk of court to note on the docket of this case any attempted filings in violation of this order; and

---

1519 (C.D. Ill. Dec, 30, 2015)(alleging that now President Donald Trump conspired with others to commit genocide, crimes against humanity, hate crimes, murder, obstruction of justice, war crimes and more).

(6) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

ENTERED: December 12, 2017

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court